IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joint Stock Company State Savings Bank of Ukraine (a/k/a JSC Oschadbank), <br><br> Petitioner, <br><br> v. <br><br> The Russian Federation, <br><br> Respondent. | CIVIL ACTION <br><br> NO. 1:23-cv-00764 (ACR) |

**RUSSIAN FEDERATION'S PARTIALLY OPPOSED
MOTION FOR EXTENSION OF TIME TO RESPOND
TO PETITION TO CONFIRM FOREIGN ARBITRATION AWARD**

1.  Respondent Russian Federation ("RF") moves for a 73-day extension—from December 11, 2023 to **February 23, 2024**—to respond to Joint Stock Company State Savings Bank of Ukraine ("Oschadbank")'s Petition to Confirm Foreign Arbitration Award ("Petition") (ECF 1) under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §1602 *et seq*., and the Federal Arbitration Act, 9 U.S.C. §1 *et seq*. Although the RF originally requested 90 days from Oshadbank, it is willing to compromise and accept the 73-day extension granted in a similar $4 billion *Naftogaz* case, to February 23, 2024.[1] Oschadbank consents to an extension only until February 11, 2024 in this matter involving an Award in excess of $1.1 billion.

2.  Under Fed.R.Civ.P. 6(b),[2] the RF shows good cause for the extension until February 23, 2024 to file a Fed.R.Civ.P. 12(b)(1),(2)&(4) motion to dismiss for lack of subject-

---

[1] In similar matters involving petitions to confirm arbitration awards under the Ukraine-Russia BIT, courts granted extensions to February 23 and February 9, 2024, respectively. *See Naftogaz v. Russian Federation*, D.D.C. No. 1:23-cv-01828, [Entered 11/30/2023] (granting extension until February 23 over petitioner's objection in case involving $4 billion award); *Stabil LLC v. Russian Federation*, D.D.C No. 1:22-cv-00983-TNM, [Entered 11/30/2023] (granting extension until February 9 even though parties stipulated to March 8, in case involving $34 million in awards).

[2] Fed.R.Civ.P. 6(b)(1)(A) provides "the court may, for good cause, extend the time …. if a request is made, before the original time or its extension expires…."

1

matter and personal jurisdiction, and insufficiency of service under FSIA, the sole means by which this Court may exercise jurisdiction over a foreign sovereign.[3]  Preparation of the motions by counsel, only recently engaged and unfamiliar with the underlying matter, requires, *inter alia*: (a) review of voluminous arbitration and French litigation files; (b) translating French documents; (c) engagement of international law experts to prepare reports; and (d) legal research and drafting the motions.  This work will be complicated by Western and Russian Orthodox Christmas and New Year holidays. This reasonable extension is warranted, particularly since Oschadbank can assert no prejudice, including because it filed its Petition beyond the three-year limitations period.

## BACKGROUND

3. On March 21, 2023, Oschadbank filed a Petition (ECF 1) seeking confirmation of a $1.1 billion arbitral award dated November 26, 2018 ("Award") against the RF.

4. Oschadbank commenced arbitration in France on January 20, 2016 in which the RF originally did not participate.  The Award found the RF "engaged in wrongful expropriation … in breach of its obligations under Article 5(1) of the [RF-Ukraine Bilateral Investment] Treaty."  ECF 1 at ¶¶2, 40, 41, 45.  The RF then "fil[ed] an action to set aside the Award before the Paris Court of Appeal," which issued a March 30, 2021 decision that "annulled the Award for lack of jurisdiction of the Tribunal" that the French Cour de Cassation set aside and remanded for further proceedings.  ECF 1 at ¶¶54-55.  The RF also made a "revision application" to the Tribunal in August 2019, arguing "it had new evidence … which … brought Oschadbank's claim outside the Tribunal's temporal jurisdiction," and that the Tribunal "stayed the revision application pending the final ruling of [the French] courts."  ECF 1 at ¶57.

---

[3] *See Argentine v. Amerada Hess*, 488 U.S. 428, 439 (1989) (stating FSIA "provides the sole basis for obtaining jurisdiction over a foreign state in federal court").

5. Oschadbank's Petition was "delivered in Washington, D.C. under cover of U.S. Department of State diplomatic note to the Embassy on the [RF] … on October 11, 2023." October 31, 2023 Return of Service Affidavit, ECF 13.[4] The RF's motion to dismiss is currently due on December 11, 2023, *i.e.*, within 60 days of purported service of the Petition under FSIA, §1608(d).

**DISCUSSION**

6. The RF has shown good cause for the requested extension until February 23, 2024.

7. **First,** this law firm was just engaged to represent the RF in this matter, and its attorneys require adequate time to defend against a $1.1 billion Award and prepare a motion to dismiss, addressing complex jurisdictional issues related to sovereign immunity under FSIA, which will require: (a) review of voluminous files related to the arbitration and French court proceedings; (b) translating documents from the French litigation; (c) engagement of international law legal experts and preparing expert reports on interpretation of the Ukraine-Russia BIT regarding FSIA jurisdiction and whether the 1961 Vienna Convention on Diplomatic Relations and customary international law prohibits service on embassies.

8. **Second**, undersigned counsel has a December 11, 2023 deadline to file a motion to dismiss a petition to confirm a $5 billion arbitration award in the *Yukos Capital, Ltd. v. Russian Federation* matter in this District. Following this, upcoming Christmas and New Year holidays

---

[4] In fact, the service was delivered on October 12. On November 15, 2023, the RF objected and returned the service documents to the U.S. Department of State on the grounds that service on its embassy contravened the means by which the RF agreed to accept service, including under paragraph IV of the RF's Declaration on the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters of 1965, through diplomatic channels by *notes verbale* of diplomatic missions of foreign states accredited in the RF on the Russian Ministry of Foreign Affairs in Moscow. The RF's position is that applicable treaties and customary international law do not permit service on an embassy, and, rather, service must be effected on the Ministry. This Motion should not be construed as acknowledging proper service by the U.S. Department of State on the RF's Washington, DC embassy.

will limit counsel's ability to review the extensive file and communicate with French counsel and legal experts. Thereafter, RF representatives will have limited availability from late December until mid-January due to the Russian Orthodox Christmas and New Year's holidays.

9. **Third,** this Court has routinely granted additional time to sovereign nations to file responses and other briefs in the interest of international comity and in recognition of the complex nature of a foreign sovereign's decision-making process. *See, e.g.*, Min. Order, *DRC, Inc. v. Republic of Honduras*, No. 1:10-cv-0003 (granting 60 days to respond to petition to confirm foreign arbitration award). It is widely recognized that "it may be much more time-consuming for a [foreign] State to prepare its pleadings and have them reviewed and approved by relevant government entities." Jeremy Sharpe, *Representing a Respondent State in Investment Arbitration in Litigating International Investment Disputes* 43, 73 (Chiara Giorgetti ed., 2014). Further, U.S courts strongly favor foreign sovereigns defending claims on the merits, which includes adequate time to prepare a defense.[5]

10. **Fourth,** Oschadbank will suffer no prejudice from the short requested extension. *See Haskins v. U.S. One*, 755 F.Supp.2d 126, 130 (D.D.C. 2010) (mere "delay in and of itself does not constitute prejudice."). Moreover, it is apparent from the face of the Petition that it was filed beyond the applicable three-year statute of limitations. *See* Petition at ECF 1, ¶68; 9 U.S.C. §207 (three year limitations period).

11. **Finally,** in *Naftogaz, supra,* over Petitioner's objection, the Court granted an

---

[5] *See, e.g., Gilmore v. PLO*, 675 F.Supp.2d 104, 109 (D.D.C. 2009) ("[I]n this Circuit there are strong policies favoring resolution of genuine disputes on their merits," especially "[w]hen the defendant is a foreign sovereign … because intolerant adherence to default judgments against foreign states could adversely affect the United States' relations with other nations") (citations and internal quotation marks omitted). *A fortiori*, if courts set aside defaults, they should provide extensions to avoid default.

extension from December 11, 2023 until February 23, 2024. While in *Stabile*, *supra*, the Court only granted a shorter extension, that case involves awards totaling only around $34 million. In neither case did petitioners admit filing after the three-year FAA limitations period.

12. This is RF's first request for an extension. As no other deadlines have been set in this matter, entering an order extending the deadline for RF to respond to the Petition will not affect any other deadlines.

13. By making this motion, RF specifically reserves all of its rights, immunities and defenses, including the immunities and protections accorded under the FSIA and the RF's objections to service of process, and waives none.

14. ***In conclusion,*** the RF has shown good cause for an extension until February 23, 2024 under Fed.R.Civ.P. 6(b)(1) to respond to the Petition.

## MEET AND CONFER

15. On November 20, 2023, in accordance with Local Rule 7(m), RF's counsel requested consent for a 90-day extension, which the RF has now reduced to 73 days. On November 27, 29 and 30, 2023, all counsel conferred. Oschadbank demanded that the RF agree not to object to FSIA service in return for a 60-day extension. When the RF refused to agree not to object to FSIA service, Oschadbank agreed only to a 60-day extension and refused the compromise to February 23.

|  |  |
|---|---|
|  | MARKS & SOKOLOV, LLC |
| Dated: December 1, 2023 | */s/ Bruce S. Marks*_____ <br> Bruce S. Marks (D.C. Bar No. CO0034) <br> 1835 Market St., 17th Floor <br> Philadelphia, PA 19103 <br> Tel. (215) 569-8901 <br> Fax (215) 569-8912 <br> marks@mslegal.com <br> Counsel for Russian Federation |