**IN THE UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOINT STOCK COMPANY STATE SAVINGS BANK OF UKRAINE, | |
| *Plaintiff*, | 1:23-CV-00764 |
| v. | Hon. Ana C. Reyes |
| RUSSIAN FEDERATION | |
| *Defendant*. | |

**REQUEST FOR EXTENSION OF TIME**
**FOR SUBMISSION OF STATEMENT OF POSITION**

The United States, by and through undersigned counsel, respectfully submits this Request

for Extension of Time in order to submit a statement of position regarding the above-captioned

lawsuit.  On January 27, 2026, the Court invited the United States to file a brief addressing

whether it has an interest in providing the views of the United States on the following questions

and, if so, to state those views:

(1) "whether issue preclusion applies to jurisdictional questions under the FSIA," 28 U.S.C. § 1605(a)(6), which issue the D.C. Circuit "has not previously addressed," though the Circuit has established that "in general, '[i]ssue preclusion applies to threshold jurisdictional issues'" in other contexts, *Hulley*, 149 F.4th at 691 (quoting *Nat'l Ass'n of Home Builders v. EPA*, 786 F.3d 34 (D.C. Cir. 2015) (applying issue preclusion to decision on standing)); and

(2) if issue preclusion applies to jurisdictional questions under the FSIA,
(a) "whether [issue] preclusion [regarding 'jurisdictional questions under the FSIA'] extends to *foreign*" courts' decisions "of fact or law," which the D.C. Circuit emphasized is also a "novel question," *id.* (emphasis in original);
(b) whether issue-preclusive effect applies to all foreign decisions or is limited to decisions of courts in the "primary jurisdiction," *i.e.*, the "competent authority of the country in which, or under the law of which, th[e] [arbitral] award was made," *see* New York Convention, art. V(1)(e);
(c) whether the factors enumerated in *Hilton v. Guyot*, 159 U.S. 113 (1895), for determining when "recognition of foreign judgments is a matter of international

1

comity," is the appropriate standard for application of issue preclusion to a foreign court's decisions about a foreign state's "entitle[ment] to sovereign immunity" or the "existence of an arbitration agreement," for purposes of application of the "arbitration exception to the FSIA," *Hulley*, 149 F.4th at 691-92; and
(d) "how the *Hilton* factors intersect with the ordinary standard for assessing collateral estoppel," specifically the requirement for application of collateral estoppel that the foreign "proceedings were 'full and fair,'" *id.*
Minute Order (1/8/2026).

The Government greatly appreciates the Court's invitation and that the Court called the Government's attention to this matter.  The Government has undertaken its internal consideration and authorization process to determine the substance of its Statement of Interest pursuant to 28 U.S.C. § 517 and what its views on the designated questions should be.

As the D.C. Circuit Court of Appeals observed, these issues pose "novel questions" of foreign relations law and have entailed considerable inter-agency and intra-agency discussion, between and among the Departments of Justice, State, and Treasury, and within each.  In addition, counsel for shareholder-plaintiffs in *Hulley* and counsel for defendant Russia here have each reached out to the Government and provided us directly their own respective and detailed analyses of the legal and policy issues and their recommended answers to each of the questions, which we are assessing in the process of formulating our Statement.

Although the Government is proceeding expeditiously to formulate a substantive position, the necessary process for participation in these district court proceedings has not yet been completed.  The Government therefore requests a two-week extension of time to answer substantively, which it anticipates it should be able to do by **April 24, 2026**.  The Government does not anticipate that it will require any further time.  The Government is filing a similar request for extension to April 10 in *Hulley* (14cv1996-BAH), in which it will file an identical Statement.

Date:  April 1, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ALEXANDER K. HAAS
Director

STEPHEN M. ELLIOTT
Assistant Director

*/s/ --P. R. Goldstone*
PETER R. GOLDSTONE (Mass. Bar No. 682050)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 598-0912
Email: peter.r.goldstone@usdoj.gov

*Counsel for the United States*